PANHANDLE EASTERN PIPE LINE COMPANY *v.* CORPORATION & SECURITIES COMMISSION.

1. Commerce—Regulation of Interstate Commerce—Congress.
   Congress has the sole right and power to regulate interstate commerce.

2. Same—Interstate Commerce—States.
   The States are prohibited from doing that which would substantially or unreasonably burden or obstruct the free flow of interstate commerce.

3. Same—Interstate Commerce—Taxation by States.
   A State cannot tax interstate commerce.

4. Taxation—Interstate Commerce—Intrastate Commerce.
   It must appear that a State tax enacted upon one doing both interstate and an intrastate business is imposed solely on account of the latter and that the amount exacted is not increased because of the interstate business done.

---

References for Points in Headnotes
[1] 11 Am Jur, Commerce § 10
[2] 11 Am Jur, Commerce § 20.
[3] 51 Am Jur, Taxation § 203.
[4] 51 Am Jur, Taxation § 208.
[5] 24 Am Jur, Gas and Oil § 155; 51 Am Jur, Taxation § 208.

5. Corporations—Gas Pipe-Line Company—Interstate Commerce
   —Taxation.

   Gas pipe-line company whose business is largely interstate in
   character and which, percentagewise, was completely severable
   and unrelated to its intrastate business may not be taxed
   on its interstate business under the corporate franchise tax
   act (PA 1921, No 85, §§ 5, 5e, as amended by PA 1952,
   No 183).

Appeal from Ingham; Coash (Louis E.), J. Submitted April 5, 1956. (Docket No. 23, Calendar No. 46,693.) Decided June 4, 1956. Certiorari denied by the Supreme Court of the United States November 5, 1956.

Petition by Panhandle Eastern Pipe Line Company, a Delaware corporation, for review of determination of corporation franchise tax by Michigan Corporation & Securities Commission and Michigan Corporation Tax Appeal Board. Order directing recomputation by commission. Defendant State agencies appeal. Affirmed.

*Steptoe & Johnson (Paul F. Mickey, William C. Hill* and *George B. Mickum, III,* of counsel), *Bodman, Longley, Armstrong, Bogle & Dahling (H. I. Armstrong,* of counsel), and *Russell Voertman,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *T. Carl Holbrook* and *William D. Dexter,* Assistants Attorney General, for defendants.

Sharpe, J. This is an appeal by the Michigan corporation & securities commission and the Michigan corporation tax appeal board from an order of the circuit court of Ingham county, Michigan, remanding the cause to the Michigan corporation & securities commission to recompute the annual franchise tax

pursuant to section 5e of PA 1952, No 183, being CLS 1954, § 450.305e (Stat Ann 1955 Cum Supp § 21.208[5]). Plaintiff, Panhandle Eastern Pipe Line Company, is a Delaware corporation and is engaged in the distribution of natural gas. Most of the gas distributed comes from Texas and other southern States, however a small portion of the natural gas distributed is produced in Michigan. Defendants, Michigan corporation & securities commission and the Michigan corporation tax appeal board, constitute the administrative agency and quasi-judicial board concerned with the proper determination of corporate franchise privilege fees to be paid the State of Michigan pursuant to PA 1921, No 85, as amended by PA 1952, No 183 (CL 1948 and CLS 1952, § 450.301 *et seq.* [Stat Ann and Stat Ann 1953 Cum Supp § 21.201 *et seq.*]).

The following statistics of plaintiff's activities for the calendar year of 1951 are material to the solution of the issue presented in this cause: Plaintiff owned and operated in the year in question 3,974.55 miles of pipe line, of which 281.16 miles, or 7.0740%, were located in Michigan. Out of all the miles of pipe line in Michigan, only 11.4 miles, or 4.07%, were used both for gas produced in Michigan and gas produced elsewhere and transported into Michigan. The remaining 269.76 miles of pipe line in this State were used exclusively for the interstate transportation and sale of gas produced in and transported through other States. 5.0304% of plaintiff's property was located in Michigan in the year in question. Of plaintiff's total pay roll, 3.3512% is paid in Michigan and 2.0360% of its total operating expenses were incurred in Michigan. For gas produced and sold in Michigan, plaintiff received 2.1688% of its total receipts everywhere. 94.0718% of its receipts from sales in Michigan were for gas produced elsewhere and transported in interstate commerce through a

pipe line crossing 7 other States. The latter sales accounted for 34.4161% of plaintiff's total receipts from all sources, including Michigan.

On August 28, 1952, plaintiff transmitted to defendant commission its annual report for 1952 with a franchise fee for the year 1952 in the amount of $17,561.89, based upon section 5e of PA 1952, No 183 (CLS 1954, § 450.305e [Stat Ann 1955 Cum Supp § 21.208 (5)]. The commission held that plaintiff was not entitled to relief under the provisions of section 5e, but should use section 5 of PA 1921, No 85, as amended by PA 1952, No 183 (CLS 1952, § 450.305 [Stat Ann 1953 Cum Supp § 21.208]). Upon appeal the Michigan corporation tax appeal board affirmed the ruling of the commission.

Pursuant to PA 1952, No 197, as amended by PA 1953, No 103 (CLS 1954, § 24.101 *et seq.* [Stat Ann 1952 Rev and Stat Ann 1955 Cum Supp § 3.560 (21.1) *et seq.*]), plaintiff filed a petition for review in the circuit court for Ingham county based upon the claim that the action of the appeal board imposed a direct burden on interstate commerce.

On October 14, 1955, an order was entered which, in part, reads as follows:

"Order and adjudge that the matter of the computation of the annual franchise tax of petitioner for the year 1952 be remanded to the Michigan corporation & securities commission, and that said tax be recomputed by said commission pursuant to CL 1948, § 450.305e, as added by PA 1952, No 183, and that said commission exclude from such computation any and all receipts of petitioner derived from the interstate sale in the State of Michigan of natural gas transported by it in interstate commerce through its pipe lines from points outside of the State of Michigan."

Prior to the entry of the above order the trial court filed an opinion, in part, as follows:

"In the instant case this court is of the opinion that in using the formula set forth in section 5 the defendant is placing a tax on plaintiff based upon the interstate business done by plaintiff. Panhandle does an intrastate as well as an interstate business and the defendant could very readily base the tax upon the intrastate business done by Panhandle. They cannot use the interstate business of plaintiff to increase the amount of this tax. The record also indicates that the plaintiff could discontinue their intrastate business without withdrawing from the interstate business.

"In the case of *Detroit & Cleveland Navigation Company* v. *Department of Revenue,* 342 Mich 234, on page 243, the Court speaking of the *Gartland Case* (*Gartland Steamship Co.* v. *Corporation & Securities Commission,* 339 Mich 661) stated:

" 'While we reversed and ordered a recomputation, we upheld the liability of the company for the tax, if based on a formula reasonably apportioning business done within the State.'

"Therefore, this court is of the opinion that the defendant was in error in computing the tax on plaintiff based upon its interstate business and an order may enter directing the commission to recompute the tax of plaintiff excluding from such computation any and all receipts derived from the interstate transportation and sale of gas outside the State of Michigan."

Defendants appeal and urge:

"That the court erred as a matter of law in determining that it is unreasonable for the defendants-appellants to compute the plaintiff-appellee's corporate franchise fee for the year 1952 in accordance with the apportionment formula contained in the aforesaid section 5 of PA 1952, No 183.

"That the court erred as a matter of law in determining in its opinion that the defendants-appellants could not constitutionally include in the measure of the plaintiff-appellee's corporate franchise

fee for the year 1952 one-half of the gross receipts derived by plaintiff-appellee from its sales of natural gas from sources without this State to customers located within this State in the sales factor of the apportionment formula contained in the aforesaid section 5 of PA 1952, No 183."

The principal question here for decision is whether the action of the commission and the appeal board violated plaintiff's privilege of carrying on interstate commerce. Citation of authority is unnecessary to establish the rule that our Federal Constitution gives to congress the sole right and power to regulate interstate commerce, and the States are prohibited from doing that which would substantially or unreasonably burden or obstruct the free flow of such commerce. In the case at bar the trial court found as a fact that 94.0718% of plaintiff's sales of gas in Michigan were sales in interstate commerce through interstate pipe lines.

In *Cooney* v. *Mountain States T. & T. Co.,* 294 US 384 (55 S Ct 477, 79 L ed 934), cited with approval in *Gartland Steamship Co.* v. *Corporation & Securities Commission,* 339 Mich 661, 671, it was said (pp 392, 393):

" 'There is no question that the State may require payment of an occupation tax from one engaged in both intrastate and interstate commerce. But a State cannot tax interstate commerce; it cannot lay a tax upon the business which constitutes such commerce or the privilege of engaging in it. And the fact that a portion of a business is intrastate and therefore taxable does not justify a tax either upon the interstate business or upon the whole business without discrimination.   *   *   *   Where the tax is exacted from one doing both an interstate and intrastate business, it must appear that it is imposed solely on account of the latter; that the amount exacted is not increased because of the interstate business done; that one engaged exclusively in interstate com-

merce would not be subject to the tax; and that the one who is taxed could discontinue the intrastate business without also withdrawing from the interstate business.' "

We also cited with approval in the *Gartland Case, supra,* 671, 672, *Ratterman* v. *Western Union Telegraph Co.,* 127 US 411 (8 S Ct 1127, 32 L ed 229), where the court said (pp 424, 425):

" 'Where the subjects of taxation can be separated so that that which arises from interstate commerce can be distinguished from that which arises from commerce wholly within the State, the court will act upon this distinction, and will restrain the tax on interstate commerce while permitting the State to collect that arising upon commerce solely within its own territory.' "

In the case at bar the major part of plaintiff's business is interstate business, completely severable and unrelated to its intrastate business. The record shows that 7.0740% of plaintiff's pipe-line mileage is in Michigan; 5.0304% of its property is in Michigan; 3.3512% of its pay roll is in Michigan; 2.0360% of its operating expenses are incurred in Michigan; 2.1688% of its receipts are from intrastate sales in Michigan and 5.9282% of its receipts in Michigan are from intrastate sales. It also appears that the commission and the appeal board in determining the tax to be paid included 50% of plaintiff's interstate receipts in the formula provided under section 5 of PA 1952, No 183. In our opinion it is clear that the formula used by the commission includes receipts from a business not related to plaintiff's intrastate business, and under the authority of the *Gartland Case, supra,* it is arbitrary and imposes an unjust burden upon interstate commerce. We hold that the Michigan corporation & securities commission and the Michigan corporation tax appeal board erred in determining that section 5 of PA 1921, No 85, as

amended by PA 1952, No 183, was applicable in determining the annual privilege fee of petitioner for the year 1952, rather than and without adjustment pursuant to section 5e of said act.

The judgment of the circuit court is affirmed, with costs.

DETHMERS, C. J., and SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.